UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELASHUN BAGGETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-727 DRL-SJF |
| KOY, MADINA, | |
| Defendants. | |

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed an amended complaint. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

On August 21, 2025, Mr. Baggett was instructed to go to the counselor's office. He left his cell and pushed a button to be allowed into the sally port. Officer Medina then began screaming so loud that Mr. Baggett couldn't understand what he was saying. When Mr. Baggett asked Officer Medina what he said, Officer Medina slammed the window so hard that it opened back up. Officer Medina yelled some more, shut the window, and didn't answer Mr. Baggett's call to enter the sally port. Soon after, the door to the sally port opened and Mr. Baggett went to the door and waited. Then the door to

the counselor's office opened. Officer Medina came out and yelled at Mr. Baggett to go back to his side. Mr. Baggett indicates he complied. Nonetheless, Officer Medina ran toward Mr. Baggett with his mace up and screamed for him to cuff up. Mr. Baggett asked why while turning to cuff up. Officer Medina grabbed Mr. Baggett's arm and put a cuff on it, but Mr. Baggett was holding paperwork in his other arm. A Disciplinary Hearing Board worker was present and asked Mr. Baggett if he would like her to hold it. He said yes and handed her the paperwork. Officer Medina then slammed Mr. Baggett's face into the wall. He says he was complying completely. Officer Medina was already putting handcuffs on Mr. Baggett, but Officer Koy entered and grabbed Mr. Baggett's arm, which was in a brace. Officer Koy twisted Mr. Baggett's arm and pulled it up to Mr. Baggett's neck. Mr. Baggett heard a snap and had pain throughout his shoulder, arm, and wrist. Mr. Baggett begged Officer Koy to stop. Officer Koy slammed Mr. Baggett's face into a concrete wall. Mr. Baggett's teeth shattered, and he swallowed a broken piece of tooth. Another individual asked if Mr. Baggett needed a doctor, but Mr. Baggett asked to go back to his dorm. When he returned to the dorm, Officer Medina and Officer Koy were laughing at him. His cell was being searched, and his things were thrown about.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an

2

officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. Here, giving Mr. Baggett the benefit of all favorable inferences, he has stated an excessive force claim against Officer Medina and Officer Koy.

Mr. Baggett's amended complaint also includes conclusory assertions that he was retaliated against and subjected to false write-ups, but he doesn't provide any further details. These allegations are too vague to state a claim.

For these reasons, the court:

(1) GRANTS Delashun Baggett leave to proceed against Officer Medina and Officer Koy in their individual capacities for compensatory and punitive damages for using excessive force against him on August 21, 2024, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Medina and Officer Koy at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 8);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Medina and Officer Koy to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 17, 2025   *s/ Damon R. Leichty*
                    Judge, United States District Court