**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| DELASHUN BAGGETT,<br><br>Plaintiff,<br><br>v.<br><br>KOY, et al.,<br><br>Defendants. | CASE NO. 3:25-CV-727-SJF |

**OPINION and ORDER**

Delashun Baggett, a prisoner without a lawyer, is proceeding in this case against Correctional Officers Medina and Koy in their individual capacities for compensatory and punitive damages for using excessive force against him on August 21, 2025[1], in violation of the Eighth Amendment. ECF 10 at 3. The defendants filed a motion for summary judgment, arguing Baggett did not exhaust his administrative remedies before filing this lawsuit. ECF 29. Baggett filed a response, and the defendants filed a reply. ECF 36, 37. The motion is now ripe for ruling. The court issues the following ruling based the parties' consent under 28 U.S.C. § 636(c). ECF 23.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317,

[1] The Court's order granting Baggett leave to proceed in this case states the incident giving rise to his claim occurred on August 21, 2024, but this appears to be a typographical error, as Bagget's complaint states that the event occurred on August 21, 2025. (ECF 1).

322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.

2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

In support of their motion for summary judgment, the defendants provide Baggett's grievance records, a copy of the Offender Grievance Process, and an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"). ECF 29-1; ECF 29-2; ECF 29-3; ECF 29-4. These documents show the following facts. During all relevant times Baggett was incarcerated at Miami Correctional Facility. An offender grievance process was in place and available to all inmates at MCF. ECF 29-1 at 2, 5; ECF 29-2 at 1. For non-emergency grievances, the offender grievance process requires an inmate to complete three steps before filing a lawsuit: (1) a formal attempt to resolve the issue via submission of a written grievance; (2) a Level I appeal to the warden or a designee; and (3) a Level II appeal to the Department Offender Grievance Manager. ECF 29-1 at 2; ECF 29-2 at 3. Each step must be completed to fully exhaust the grievance process. ECF 29-1 at 2.

For the first step, an inmate must complete State Form 45471, "Offender Grievance," no later than ten (10) business days from the date of the incident giving rise to the complaint or concern and submit it to the Offender Grievance Specialist. ECF 29-1 at 3; ECF 29-2 at 9. Once the Offender Grievance is submitted, the form is reviewed within ten (10) business days of its receipt and either accepted and logged into the system or rejected. ECF 29-1 at 3; ECF 29-2 at 9-10. The Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form. ECF 29-2 at 9. If an inmate does not receive either a receipt or a rejected form from the

Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days. ECF 29-2 at 9.

A logged and accepted grievance is entered into the computer system and is visible on an inmate's History of Grievances. The Offender Grievance Specialist then has fifteen (15) business days to issue a response to the complaining inmate. ECF 29-2 at 10. If an inmate is dissatisfied with the response received, he may appeal the response by completing State Form 45473, "Grievance Appeal." ECF 29-2 at 12. On the other hand, if no response is provided to the inmate within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance, the inmate may appeal to the Warden/designee as if the grievance was denied. ECF 29-2 at 12.

Submission of this Grievance Appeal serves as notice that the inmate wishes to appeal to the Warden/designee. This form must be submitted within five (5) business days after receiving the grievance response. ECF 29-2 at 12. The Warden/designee then has ten (10) business days from the date the appeal is received to complete their response and return it to the inmate. ECF 29-2 at 13. If the aggrieved inmate does not receive a response within that time frame, he may then appeal to the Department Offender Grievance Manager as if it had been denied. ECF 29-2 at 13. If the complaining inmate wishes to appeal the Warden's/designee's appeal response, he must check the "Disagree" box on the appeal response and submit that same form, (State Form 45473, "Offender Grievance Appeal") along with any pertinent documents to the Grievance

Specialist within five (5) business days of receipt of the Warden's/designee's appeal response. ECF 29-2 at 13.

The Grievance Specialist then enters the completed Offender Grievance Appeal and any additional documents received into the grievance database within five (5) business days of receipt. ECF 29-2 at 13. The Department Offender Grievance Manager then has ten (10) business days from the date the appeal is received to complete and submit an electronic response to the Grievance Specialist. ECF 29-2 at 13. Once received, the Grievance Specialist prints a copy of the response and issues it to the inmate within five (5) business days thereafter. ECF 29-2 at 13-14. If the inmate does not receive either a response or a notice of extension from the Department Offender Grievance Manager within ten (10) business days, the appeal is considered denied. ECF 29-1 at 4. The decision of the Department Offender Grievance Manager is final and marks the conclusion of the offender grievance process. ECF 29-1 at 5.

Emergency grievances follow a different process. ECF 29-2 at 5. An emergency grievance is defined as a "grievance, that, if subjected to the normal time limits, could cause the grievance substantial risk of personal injury or irreparable harm." ECF 29-2 at 2. An inmate may submit an emergency grievance to the nearest staff member, who shall immediately submit the grievance to the Offender Grievance Specialist. ECF 29-2 at 5. The Offender Grievance Specialist shall immediately bring an emergency grievance to the attention of the Warden / designee for review and initial response within one (1) business day of recording the emergency grievance. An inmate may appeal an emergency grievance within one (1) business day of receiving this response. ECF 29-2 at

5. Upon receipt of an inmate's appeal, the Offender Grievance Specialist shall email the Department Offender Grievance Manager that the appeal has been submitted. The Department Offender Grievance Manager shall issue a final Department decision within five (5) business days of the offender filing the grievance. ECF 29-2 at 5. Both the initial response and final Department decision shall document the Department's determination whether the offender is in substantial risk of imminent danger and the action taken in response to the emergency grievance. ECF 29-2 at 5. If the Department determines that a grievance is not an emergency, this determination may be appealed through the normal grievance procedures.

On August 23, 2025, Baggett submitted a grievance concerning the alleged use of excessive force by the defendants on August 21, 2025. ECF 29-1 at 5; ECF 29-4. MCF received this grievance on August 25, 2025, logging it as Grievance No. 225701. ECF 29-4. The MCF Grievance Specialist provided an initial response to Baggett that same day telling him that Grievance No. 225701 was opened and "waiting on staff response." ECF 29-1 at 6; ECF 29-4 at 2. Baggett then filed the above captioned case against the defendants on August 26, 2025, the next day. The Grievance Office responded to Baggett on September 17, 2025, stating that "Staff were following proper protocol." ECF 29-1 at 6; ECF 29-4 at 3. Baggett never responded to or appealed the Grievance Office's response. ECF 29-1 at 6; ECF 29-4 at 3.

In his response to the defendant's motion for summary judgment, Baggett appears to concede that he prematurely filed this lawsuit days after he submitted a grievance. ECF 36 at 2, ECF 36-1 at 1. Baggett argues that summary judgment should be

denied for two other reasons. First, Baggett maintains that this was an emergency grievance and that he contacted the court because the Grievance Specialist did not treat it as such. But the Department, not the inmate, determines whether an inmate is in substantial risk of imminent danger, and thus, the Department determines whether a grievance constitutes an emergency. ECF 29-2 at 5. The Offender Grievance Process also provides that a determination that a grievance is not an emergency must also be appealed through the normal grievance procedures. ECF 29-2 at 5. Nothing in the record shows that Baggett appealed the determination that his grievance was not an emergency.

Second, Baggett argues that staff have not allowed him to fully grieve this incident or other complained-of incidents, alleging that staff never provided him appeal forms and that other grievances he submitted were lost, making the process unavailable. To the extent Baggett believed the grievance process would be futile based on the circumstances of the aggrieved incident or how other grievances were purportedly processed, "there is no futility exception to the exhaustion requirement." *Smith v. Williams*, No. 2:26-CV-96-PPS-AZ, 2026 WL 693082, at *1 (N.D. Ind. Mar. 12, 2026) (internal citation omitted). Indeed, "[e]xhaustion is necessary even if the prisoner . . . believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006). Moreover, whether staff failed to provide Baggett with appeal forms is immaterial here, as he filed this lawsuit just one day after an initial response was provided on his applicable written grievance. He thus filed this lawsuit well before the need to submit any appeal forms would have arisen.

Baggett includes a copy of a grievance appeal form dated November 17, 2025, where he lists several grievances that he alleges went without response. ECF 36-1 at 29. He includes Grievance No. 225701 as one of the grievances that went without response. ECF 36-1 at 29. To the extent Baggett is asserting that this shows that the Department did not respond to Grievance No. 225701, it does not create a genuine dispute warranting denial of the defendants' motion here. The Offender Grievance Process first provides that if an inmate receives neither a receipt nor a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting a written grievance, the offender shall notify the Offender Grievance Specialist of that fact (and retain a copy of this notice). The process also provides that, if no response is provided to the inmate within twenty (20) business days of the Grievance Specialist's receipt of the grievance, the inmate may appeal to the Warden/designee as if the grievance was denied. These steps must be exhausted prior to filing suit. The appeal form he included in his response to the motion for summary judgment is dated November 17, 2025, almost three months after he initiated this lawsuit.

Because Baggett filed this lawsuit days after he submitted a written grievance—before a response was received or should have been received, and before the time any appeals needed to be submitted—the undisputed facts show Baggett had available administrative remedies which he did not exhaust before filing this lawsuit. The defendants have thus met their burden to show Baggett did not exhaust his available administrative remedies before filing this lawsuit. As such, defendants' motion for

summary judgment will be granted and Baggett's case must be dismissed. *Perez*, 182 F.3d at 535.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 29); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Delashun Baggett and to close this case.

**SO ORDERED** this 29th day of September 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge